BROOKLYN COOPERAGE CO.
PLAINTIFF
    VS.
PAUL PIAZZA, DEFENDANT

8820

NO. 8820.

COURT OF APPEAL FOR

THE PARISH OF ORLEANS.

WILLIAM A. BELL, JUDGE

January 22, 1923.

Court of Appeal
PARISH OF ORLEANS

Jan'y 22/1923

Clerk.

8820

WILLIAM A. BELL, JUDGE.

This suit involves counter-actions for damages by two owners of two certain motor trucks, arising from collision of said trucks at the corner of Burgundy and Frenchmen streets in the city of New Orleans. There is no dispute between the litigants as to the nature and amount of the damages sustained. The Trial Court dismissed the main action at plaintiff's cost and also the demand in reconvention at cost of defendant and plaintiff in reconvention. Both plaintiff and defendant in the main action have appealed.

Questions of fact are mainly involved in this suit although it is to be determined as a point of law, which of these litigants had the right of way. Each charges the other with gross negligence, with excessive speeding, and each claims to have had the right of way. The plaintiff pleads especially the City Ordinance which is filed in evidence and made part of the record particularly section 16 of the general traffic ordinance number 6173 C. C. S. and amendments thereto. The ordinance provides that vehicles traveling on Burgundy Street from Esplanade to Delery Street have the right of way over vehicles approaching on intersecting streets such as Frenchmen Street, and it further provides that all vehicles approaching right-of-way streets from intersecting streets shall, before crossing or turning into same, come to a full stop, nor shall any motor vehicle turn into any other street from an intersecting street at a greater speed than five miles per hour.

We find from the evidence in this case that the defendant's truck failed to come to a full stop as it should have done upon reaching the intersections of Burgundy and Frenchmen Streets; that said truck, according to the evidence of defendant's

own witnesses was going at the rate of about 15 miles an hour when it came into the intersections of Burgundy and Frenchmen Streets. These facts are fatal to the defendant and plaintiff in reconvention and, clearly established that the driver of his truck was violating the traffic ordinance. We find on the other hand, that the plaintiff's truck while coming down Burgundy Street, after passing the street above Frenchmen, was not going at any speed greater than 15 miles an hour and that within 25 feet of the corner of Burgundy and Frenchmen the driver of the plaintiff's truck slowed up, not exceeding 10 miles an hour. We further find that each driver of the respective trucks claims not to have seen the other's truck as the trucks approached each other at the intersections. Under these facts we must conclude that the excessive speed of defendant's truck when reaching intersecting corners, and the further failure of defendant's truck to come to a full stop at said intersections precluded any possibility on the part of the plaintiff's driver to avoid an accident, dispite the evident negligence of the defendant's driver. In other words, there can be no application in this case of the doctrine of last clear chance.

For the above reasons we are of the opinion that there should be judgment for plaintiff as prayed for.

It is therefore ordered, adjudged and decreed that the judgment herein appealed from, be and the same hereby is reversed, and it is now ordered that there be judgment for the Brooklyn Cooperage Company, Plaintiff against Paul Pizza, Defendant, in the sum of One Hundred and Forty-eight Dollars and Seventy-one Cents ($148.71) with legal interest on said amount from date of judicial demand and for all costs in both Courts.

JUDGMENT REVERSED

January 22, 1923.